# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MYLES HARRIS, | ) | ID NOs. 1703019702A&B |
| | ) | 1702016968 |
| Defendant. | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |

Date Decided: November 28, 2022

*Upon the Defendant's Amended Motion for Postconviction Relief Pursuant to Rule 61.* **DENIED.**

## ORDER

Monil D. Amin, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

Natalie S. Woloshin, Esquire, Woloshin, Lynch & Associates, P.A., Wilmington, DE 19803

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendant Myles Harris's ("Defendant") Amended Motion for Postconviction Relief ("Motion"). Defendant filed the instant Motion for Postconviction Relief as well as a motion for appointment of counsel on January 3, 2020. The Court granted the request and Defendant was appointed counsel. On November 15, 2021, appointed counsel filed an Amended Motion for Post-Conviction Relief. This Court will consider Defendant's Amended Motion for Postconviction Relief, the State of Delaware's ("State") response, Trial Counsel's filed affidavit, and Defendant's reply. For the reasons stated below, Defendant's Motion for Postconviction Relief is **DENIED**.

## PROCEDURAL BACKGROUND

On May 15, 2017, a Delaware grand jury returned a multiple count indictment, charging Defendant with numerous drug and gun related charges stemming from February 2017 and March 2017 investigations. On June 26, 2017, Defendant and his brother Brandon Harris ("Brandon") were charged in a second Indictment in a separate case for drug and firearms offenses. Ultimately, Defendant and Brandon were tried together over the course of 4 days in January 2018 and their person prohibited charges were severed from the other drug and firearm charges.

The jury returned a verdict of guilty against Defendant for two counts of tier 4 drug dealing (heroin), tier 2 drug dealing (heroin), with an aggravating factor, drug

2

dealing (heroin), drug dealing (cocaine), Possession of a Firearm During the Commission of a Felony ("PFDCF"), possession of a weapon with an obligated serial number, and two counts of possession of drug paraphernalia. The jury acquitted Brandon of all charges. The Court then conducted another jury trial on the Possession of Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP") charges and the jury rendered a verdict of guilty as to both offenses.

On June 1, 2018, the Court sentenced Defendant to an aggregate 9 unsuspended years of incarceration as follows: (1) for tier 4 drug dealing, to 2 years unsuspended of Level V incarceration; (2) for PFDCF, to 3 years level V; (3) for tier 2 drug dealing with an aggravator, to 2 years Level V, (4) for tier 2 drug dealing with an aggravator, to 2 years Level V; (5) for PFBPP, to 8 years at Level V, suspended for 8 years of Level IV supervision at Department of Correction discretion, suspended after six months for 1 year and 6 months Level III probation; (6) for drug dealing, to 2 years Level V, suspended for 18 months of Level III probation (7) for possession of a weapon with an obliterated serial number, to 2 years Level V, suspended for 1 year of Level III probation; (8) for PABPP, to 2 years Level V, suspended for one year of Level III probation; and (9) for each count of possession of drug paraphernalia, to a $500 fine.

Defendant timely filed a Notice of Appeal with the Delaware Supreme Court. On February 5, 2019, The Delaware Supreme Court affirmed Defendant's conviction and the Mandate was issued on February 21, 2019. On January 3, 2020, Defendant filed his original *Pro Se* Motion for Postconviction Relief and Motion for Appointment of Counsel. On January 15, 2020, this Court granted Defendant's Motion for Counsel and Office of Conflicts' Counsel appointed Postconviction Counsel. On November 15, 2021, Defendant's Postconviction Counsel filed this instant Amended Motion for Postconviction Relief.

On April 14, 2022, Defendant's Trial Counsel filed an affidavit in response to Defendant's allegations of Ineffective Assistance of Counsel.

On May 31, 2022, the State responded to this Motion and Defendant subsequently replied on August 22, 2022.

## FACTS

On February 23, 2017, Wilmington Police Detective ("Lead Detective") was conducting surveillance into drug sales from an apartment at 110 Towne Estate Drive ("Towne Estate apartment"). The police believed Defendant resided in the apartment, with his brother, Brandon. The apartment was leased by Defendant and Brandon's mother. At around 2:20 P.M., Lead Detective watched Defendant meet with Angela Wagner ("Ms. Wagner") on Chestnut Street. Lead Detective subsequently followed Ms. Wagner and stopped her. When Lead Detective asked

4

Ms. Wagner if she had drugs on her, she pulled heroin, weighing more than .6 grams, out of her clothing. Ms. Wagner said she bought the heroin from Defendant and Ms. Wagner accepted a plea deal requiring her testimony against Defendant.

Lead Detective followed Defendant's Ford Fusion. Without losing sight of the car, Lead Detective eventually pulled him over. Defendant was the only occupant in the Ford Fusion. After Lead Detective detained Defendant and conducted a search, more than two grams of heroin were found on the driver's seat, along with two flip phones, one Apple iPhone, and $225 cash in the center console.

Using Defendant's key to gain entry, officers then searched the Towne Estate apartment pursuant to a search warrant. In a second-floor room, the police found several pieces of paperwork belonging to Defendant, including his birth certificate and a electricity bill in his name with the address of the apartment on it. In the same room's closet, officers found several thousand dollars in cash hidden in shoeboxes and a Tide box. On a television stand, the police found a scale, plastic shopping bags, and sandwiches bags and four logs (each log typically containing 120-130 small bags of heroin) hidden behind the first-floor balcony's air-conditioning unit.

On March 27, 2017, Lead Detective again conducted surveillance on the Towne Estate apartment. Lead Detective saw Defendant enter and exit the apartment. Soon thereafter, an officer stopped and detained Defendant. Defendant has another key for the apartment, despite his keys being confiscated during the

February arrest. Officers also stopped and detained Brandon on West 6th Street. Officers again searched the Towne Estate apartment pursuant to a search warrant. In a first-floor rear bedroom, they found paperwork belonging to Brandon, including mail addressed to him at the apartment. In the room they have previously identified as Defendant's, officers found several hundred dollars in a shoebox. Another first-floor bedroom contained documents belonging to Monet Harris. Twelve logs of heroin, 6.27 grams of cocaine, and a loaded handgun were hidden under the microwave in the kitchen.

## DEFENDANT'S ASSERTIONS

On the face of Defendant's Amended Motion, one ground for postconviction relief is asserted: ineffective assistance of counsel. Defendant contends Trial Counsel was ineffective for failing to seek severance of the February and March offenses and such failure caused prejudice to Defendant. Additionally, Defendant argues Trial Counsel was ineffective for failing to file a motion to suppress cell phone evidence. Defendant claims the State did not supply any search warrants for the cellphones in discovery, so Trial Counsel failed to seek suppression of a warrantless search. Defendant subsequently argues that even if Trial Counsel obtained the cellphone warrants and those warrants were signed by a Magistrate, Trial Counsel was still ineffective because the warrants amount to impermissible general warrants. Defendant contends the prejudice caused by the alleged failure of

Trial Counsel to move to suppress is so egregious that it requires this Court to reverse Defendant's convictions.

## DISCUSSION

### I. No Procedural Bar Exist to Preclude Court from Analyzing Defendant's Claim

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[2]

Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment.[3] Defendant's Motion is not time barred by Rule 61(i)(1) because Defendant filed this Motion within one year of his conviction becoming final. Rule 61(i)(2)[4] bars successive postconviction motions, which is not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[5] This bar is applicable to Defendant's claims. Ordinarily, ineffective assistance of counsel cannot have been raised in any direct appeal, therefore the procedural bar would not apply. Finally, Rule 61(i)(4) bars relief if the motion is

---

[1] Super. Ct. Crim. R. 61 (i)( 1).
[2] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[3] See Super. Ct. Crim. R. 61 (i)(1) (motion must be filed within one year of when conviction becomes final.)
[4] Super. Ct. Crim. R. 61(i)(2).
[5] Super. Ct. Crim. R. 61(i)(3).

based on a formally adjudicated ground.[6]  This bar does not apply. Therefore, no procedural bar exists in the present case. The Court must analyze the merits of Defendant's Motion.

## II. Ineffective Assistance of Counsel Claims

### A. Standard of Review

Delaware has adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[7] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness"[8] and that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]

To avoid the "distorting effects of hindsight," counsel's actions are afforded a strong presumption of reasonableness.[10] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

---

[6] Super. Ct. Crim. R. 61(i)(4).
[7] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[8] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[9] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[10] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland*, 466 U.S. at 689).

produced a just result."[11] The Court's objective in evaluating counsel's conduct is to "reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[12]

> **B. As to Trial Counsel's decision to not request severance of the February and March charges, Defendant fails to prove Trial Counsel's action fall below the standard of care and the result would have been different had the charges been severed.**

Based on the facts before this Court, Trial Counsel's actions do not constitute ineffective assistance of counsel under *Strickland*. Defendant attempted to claim Trial Counsel's decision to not request severance of the February and March charges does not constitute a strategic decision, as the State and Trial Counsel have argued. Trial Counsel has sworn to this Court, his decided not to seek severance because he was aware of incriminating phone calls between Defendant and Brandon, which would have likely been admissible against Defendant if the charges were severed. The State reiterates this sentiment and argues Defendant cannot demonstrate prejudice or unreasonable decision making. This Court agrees. Defendant argues Trial Counsel's decision was not strategic because the date to file severance had passed before knowledge of the recorded incriminating conversations was given to Trial Counsel. The Court finds this point to be irrelevant and moot. A motion to

---

[11] *State v. Wright*, 2015 WL 648818, at *3 (Del. Super. Feb. 12, 2015) (internal quotation marks omitted).

[12] *Neal*, 80 A.3d at 942 (citing *Strickland*, 466 U.S. at 689).

sever, made by the State, was filed on January 5, 2018, and this Court considered the Motion on January 8, 2018, in an office conference. The motion to sever defendants was denied. Certainly, the Court would have considered a motion to sever the charges after the date to do so had passed, like it did on January 8, 2018. Therefore, Defendant's argument that Trial Counsel's decision to not sever the February and March charges is not one of strategy is irrelevant as Trial Counsel had the ability to file such a motion when the State did. In the best interest of the evidence and his client, Trial Counsel decided not to move for severance of the February and March charges and such a decision does not fall below the standard of care. Additionally, Defendant fails to allege or prove the outcome of Defendant's conviction would be different if the convictions were excluded. There is no viable ineffective assistance of counsel claim.

Defendant's Motion for Postconviction Relief based on Ineffective Assistance of Counsel due to Trial Counsel's decision to not move for severance of the February and March charges is **DENIED.**

> ### C. As to Trial Counsels decision to not seek suppression of the cell phone evidence, Defendant fails to prove Trial Counsel's action fall below the standard of care and the result would have been different had Trial Counsel challenged the warrants or sought suppression.

Based on the facts before this Court, Trial Counsel's actions do not constitute ineffective assistance of counsel under *Strickland* because there is no harm in Trial

Counsel's decision not to challenge the warrant or move to suppress all the cell phone evidence. The Court seeks to clarify the record. It is clear, from the record, Trial Counsel did not wholly fail to challenge the evidence obtained from the cell phone searches. Trial Counsel moved to suppress all text messages except those relating to the sale to Ms. Wagner and that motion was granted by this Court. This means, the only evidence used against Defendant stems from an "illegal" and "unsigned warrant" search are text messages which were admitted through a testifying witness.

Regardless of the validity of the search warrant, Defendant is required to allege Trial Counsel's act or failure to act falls below the objective standard of reasonableness and Defendant must allege or prove the outcome would have been different if Trial Counsel did challenge the warrant or move to suppress. Here, Defendant fails under both prongs of *Strickland*. Trial Counsel's alleged failure to challenge the warrants does not fall below the objective standard of reasonableness because through Trial Counsel's representation he moved to exclude all other texts from admission. It does not logically comport that Trial Counsel was ineffective for not challenging search warrant when he successful moved to exclude all evidence from the searches except texts in very limited scope relating to a witness's testimony. Defendant fails to allege or prove the outcome of Defendant's conviction would be different if those texts were excluded. The outcome had Trial Counsel challenged

11

the search warrant would be identical to the present outcome because Ms. Wagner would have been permitted to testify, regardless of the text messages about her transaction with Defendant. Therefore, there is no viable ineffective assistance of counsel claim.

Defendant's Motion for Postconviction Relief based on Ineffective Assistance of Counsel due to Trial Counsel's decision to not move to challenge the cell phone warrants or move to suppress all evidence of the cell phone searches is **DENIED.**

## CONCLUSION

Therefore, for the reasons stated above, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**